UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

AUTO CAST, INC.

Debtor

CHAPTER 11
CASE NO. GG 09-09958
HON. James D. Gregg

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN

The Plan under Chapter 11 of the Bankruptcy Code filed by Auto Cast, Inc. on December 11, 2009, and modified by the First Amended Plan of Reorganization filed on January 28, 2010, having been transmitted to creditors and equity membership holders; and the Debtor having filed its Second Amended Chapter 11 Plan of Reorganization on March 3, 2010, which modification was requested by the U.S. Trustee and does not adversely affect any interested party that received Debtor's First Amended Chapter 11 Plan of Reorganization; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. Section 1129(a) have been satisfied;

IT IS ORDERED that The Plan filed by Auto Cast, Inc. on December 11, 2009, and modified in the First Amended Plan of Reorganization filed on January 28, 2010, and modified in the Second Amended Plan of Reorganization filed on March 3, 2010, is confirmed.

IT IS FURTHER ORDERED as follows:

1. Exit Financing and Waiver of Stay: The Debtor filed its Motion to Approve Exit Financing Pursuant to 11 U.S.C. Section 364(c) on or about December 23, 2009 (the "Motion"). To secure the amounts advanced by Crestmark Bank ("Crestmark") under the Exit Financing, Crestmark shall have a first priority lien on all assets of the Debtor, other than machinery and

equipment and real estate. The Exit Financing is contingent on, among other things, entry of an order approving the Motion and Plan confirmation. The Motion was approved pursuant to the Order Approving Exit Financing on February 4, 2010. The Debtor is hereby authorized to execute all loan documents requested by Crestmark in connection with the Exit Financing and Crestmark is authorized to make advances to the Debtor and the Reorganized Debtor as Exit Financing immediately upon entry of this Order, notwithstanding that the Effective Date of the Plan is 60 days after entry of this Order. The Court orders that the 14 day stay of this Order is waived pursuant to Bankruptcy Rule 3020(e). Notwithstanding the waiver of the 14 day stay, Crestmark may in its discretion delay the implementation of the Exit Financing until the 15th day after the entry of this Order.

2. Implementation: Pursuant to Section 1142(b) of the Bankruptcy Code, the Debtor is authorized and directed to execute and deliver all documents and agreements necessary to consummate and implement the Second Amended Plan and to take any and all lawful actions necessary to consummate and implement the Second Amended Plan and the transactions contained therein such as the Exit Financing, including, without limitation, filing a UCC termination of the financing statement filed by GM Supplier Receivables, LLC (File No. 2009085656) and any other UCC terminations or amendments of financing statements required to be terminated or amended by the Plan or applicable law.

3. Discharge: To the extent set forth in the Plan, the rights afforded by the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and complete satisfaction and release of Claims and Equity Interests of any nature whatsoever from and after the Petition Date against the Debtor or any of its assets. All property of the estate shall re-vest in

the Debtor free and clear of all liens except those provided for by the Plan, and Debtor is granted a discharge of Debts as permitted by 11 U.S.C. 1141(d)(1).

4. Utility Deposits: Pursuant to paragraph X of the Second Amended Plan, Utility Deposits made by the Debtor shall be returned to the Debtor within 30 days of the date of this Order.

5. Administrative Expense Claims for Professional Services: Any person or entity seeking allowance of compensation and reimbursement of expenses for professional services rendered to the Debtor, to the Creditors' Committee or in relation to the Chapter 11 Case, shall file with the Court an application for allowance of compensation and reimbursement of expenses incurred before the Effective Date and serve such application as required and obtain an Order approving the application prior to being paid.

6. Immediate Effect: Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtor is authorized to consummate the Amended Plan immediately after entry of this Confirmation order in accordance with the terms of the Amended Plan.

7. A copy of the confirmed Second Amended Plan is attached.

Dated: March 12, 2010

HON. JAMES D. GREGG
Chief U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

AUTO CAST, INC.

    Debtor

_____/

CHAPTER 11
CASE NO. GG 09-09958
HON. James D. Gregg

### SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

NOW COMES Debtor, Auto Cast, Inc., and hereby amends its First Amended Chapter 11 Plan of Reorganization as follows:

Debtor amends to add the following provisions:

1. If Debtor's Chapter 11 proceeding is ever converted to a proceeding under Chapter 7, upon such conversion of the Debtor's Chapter 11 proceeding to a Proceeding under Chapter 7 of the Bankruptcy Code, the property then owned by the Reorganized Debtor shall re-vest in the Chapter 7 bankruptcy estate.

2. The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6). After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and the United States Trustee a quarterly post confirmation report, in the format specified by the United States Trustee, for each quarter that the case remains open. The United States Trustee's quarterly fee shall be calculated on all disbursements made by the Reorganized Debtor, whether pursuant to the plan or not, until the case is closed, converted to Chapter 7 or dismissed. The Bankruptcy Court shall retain jurisdiction to decide any post confirmation dispute concerning the United States Trustee's quarterly fees.

3. Paragraph VII subparagraph 8 of Debtor's First Amended Plan provides that: "The Bankruptcy Court shall retain jurisdiction of all matters arising out of, and related to, the Chapter 11 Case, and Plan pursuant to and for the purposes of 11 U.S.C. §§ 105(a), 1142 and for, among other things, the following purposes: ... 8). To hear and determine disputes arising in connection with interpretation implementation or enforcement of the Plan." At the request of the United States Trustee, Debtor amends to clarify that this portion of the Plan is meant to indicate that after the Plan is confirmed, the Debtor will be responsible for complying with all of the provisions of the confirmed Plan. If the Debtor does not comply with the terms of the confirmed Plan, any aggrieved creditor who wishes to enforce its rights under the Plan may file a motion with the Bankruptcy Court for whatever relief is appropriate.

In all other respects, the terms of the First Amended Chapter 11 Plan shall remain the same.

Respectfully submitted,

AUTO CAST, INC.

DATED: 03/01/10

/s/Carl Homrich
By: Carl Homrich
Its: Chief Executive Officer

KELLER & ALMASSIAN, PLC

DATED: 03/03/10

/s/JAMES R. OPPENHUIZEN
James M. Keller (P36891)
A. Todd Almassian (P55467)
James R. Oppenhuizen (P68715)
Benjamin M. White (P72218)
2810 East Beltline Lane NE
Grand Rapids, Michigan 49525
(616) 364-2100